RIVERA *v.* SUCCESSION OF SOTO.

APPEAL from the District Court of Aguadilla.

No. 749.—Decided March 14, 1912.

HEIRS—RESPONSIBILITY OF SUCCESSION—PROPERTY OF ANCESTOR.—In this suit the date of the death of the ancestor of the defendant succession against whose inherited estate this suit was brought was not proven; neither was it proven that on the date of his death he left any property constituting his estate capable of division among the persons who appeared to be his heirs. It was held that the action was not well founded inasmuch as it was not shown that the property actually possessed by any of the heirs of the defendant succession descended from the estate of the ancestor, by which circumstance only could said property be affected by a judgment rendered in favor of the plaintiff and on which alone he based his action   Neither has it been shown that in the acquisition of the property or in the judicial claim made by the defendant, Francisco Hernández Barreto, there existed fraud or collusion.

CONSIDERATION FOR CONTRACT—FALSE CONSIDERATION.—The consideration in a contract although not expressed therein is presumed to be lawful and valid until the contrary is proven, and proof of false consideration being lacking in this case the nullity sought cannot be granted.

The facts are stated in the opinion.

*Mr. Carlos Franco Soto* for appellant.

*Messrs. Reichard & Reichard* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was instituted by the plaintiff, Domingo Rivera, against the estate of Juan de Dios Soto, seeking in the first place to nullify and set aside the conveyance made by the marshal of the Municipal Court of Aguadilla on January 28, 1910, conveying seven acres of land, and also the inscription thereof in the registry of property; and, secondly, to nullify and set aside the possessory proceedings instituted by Isidoro Soto, in regard to eight acres of land and the inscription thereof in the registry of property; and, thirdly, that the said tract of land might be applied to the satisfaction of a judgment set out in the complaint and for the recovery of costs. The descendants of Juan de Dios Soto, to wit, his sons, Isidoro, Teodoro, Juan, Miguel, Pedro and Jacinto, and his daughters, Aniana and Asunción, all of age, and his minor grandchildren, Juan, Gerardo, Modesto and Jesús Acevedo, represented by their father, Domingo Acevedo, and Olivia and Gervasio Soto, also minors, represented by their mother, Escolástica Méndez, and Francisco Hernández Barreto, were made parties defendant therein.

All the defendants were properly cited and appeared and answered the complaint except Francisco Hernández Barreto, who failed to answer; nor does it appear that the plaintiff sought any annotation of his default. The complainant makes substantially the following allegations:

I. That on February 18, 1910, a judgment was rendered in the civil case No. 696 brought in the name of Julio O. Abril y Arroyo against the estate of Juan de Dios Soto, which judgment reads, omitting unimportant particulars, as follows:

"After having carefully considered the case, the court is of the opinion that the law and the facts are in favor of the plaintiff. Therefore, judgment is rendered herein sustaining the complaint presented, and in consequence thereof it is ordered and adjudged that the plaintiff, Julio O. Abril y Arroyo, shall obtain and recover from the principal, Juan de Dios Soto, who is represented by his succession which is composed of his children, Isidoro, Teodoro, Juan, Miguel, Aniana, Asunción, Pedro and Jacinto Soto y Deines, of age, and of his grandchildren under age, Juan, Gerardo, Modesto and Jesús Acevedo, who are represented by their father, Domingo Acevedo; and Olivia and Gervasio Soto, also under age, and represented by their mother, Escolástica Méndez, the sum claimed of $1,036.53, as principal, and interest, at the rate of 12 per cent, which amount shall not be collected on the property of the exclusive ownership of the succession aforesaid, unless it appears that said principal, Juan de Dios Soto, died leaving some property which formed his estate, without making any special imposition of costs."

II. That during the progress of the above-mentioned case No. 696 the defendants, with the deliberate intention of avoiding the responsibility which they had incurred by said judgment and to avoid its execution, combined and colluded together with Francisco Hernández Barreto, the last-named person, instituting before the municipal court of Aguadilla an action against the estate of Juan de Dios Soto to collect $275, and after obtaining a judgment by default levied an execution upon a tract of land which was inscribed in the registry of property in the name of Juan de Dios Soto, the ancestor of the defendants, and that the said tract of land, being sold at public auction, was conveyed to Miguel Soto, another of the heirs of the aforementioned Juan de Dios Soto, and a defendant in this case. Further that the marshal of the municipal court made to him the corresponding deed of conveyance, on January 28, 1910, and inscribed the same in the registry of property with the appropriate description.

III. The plaintiff further alleges that the sum claimed in the proceeding which was instituted before the municipal court of Aguadilla and wherein Francisco Hernández Barreto

was plaintiff against the estate of Juan de Dios Soto, as above mentioned, was not in reality due inasmuch as the said Francisco Hernández Barreto had been entirely paid the said sum by Juan de Dios Soto or his heirs, and he alleges that consequently the above-mentioned proceeding instituted by the said Francisco Hernández Barreto against the estate of Juan de Dios Soto was fraudulent and simulated, since the action thereby established rested upon a false consideration and the judgment which was rendered in default therein was null and void, as was likewise the deed of conveyance which the marshal of the Municipal Court of Aguadilla made and delivered on January 28, 1910, to Miguel Soto before the notary, Arturo Reichard y del Valle.

IV. That in the same manner, after the presentation of the claim of Julio O. Abril y Arroyo against the estate of Juan de Dios Soto, and with the purpose of defrauding the creditor, Abril, and of making possible the prevention of the collection of the judgment referred to in the complaint, one of the defendants, Isidoro Soto, fraudulently and falsely sought, and obtained in his name, the approval of a possessory proceeding covering 35 acres of land, in which proceeding were included eight acres of land belonging to the estate of Juan de Dios Soto, who was a debtor of the said Abril and the ancestor of the defendants. The said eight acres of land are described in the complaint and the inscription of the same in the registry of property is alleged.

The defendants appeared and in their answer admitted some of the allegations of the complaint, denying others and setting up new matter in defense in substance as follows:

1. That Juan de Dios Soto, at the time of his death, was insolvent and for a long time before his demise was destitute of every class of property, substantiating said allegation by a certificate of the Insular Treasurer attached to the answer, marked "Exhibit A."

2. That Juan de Dios Soto in the year 1899 bought from

Miguel Hernández Comas a rural property of seven acres of land described in the answer.

3. That said purchase was made for the sum of $400 provincial money, of which sum the vendor received $135, the vendee, Soto, being still obliged to pay the remaining $265 on January 4, 1900, to Francisco Hernández Barreto, substantiating this allegation by the copy of a public document attached to the answer as "Exhibit B."

4. That neither Juan de Dios Soto nor his successors having paid the $265, Francisco Hernández Barreto brought a suit against the estate of his daughter in the municipal court of Aguadilla to collect the same, attaching the tract of land above-mentioned, which on being sold at public auction was awarded to Miguel Deines, the marshal of the said court delivering to him the corresponding deed of conveyance before the notary, Arturo Reichard, on January 28, 1910.

5. That on July 4, 1905, Juan de Dios Soto Vera sold to his son, Miguel Soto Deines, a certain rural property situated in the ward of Cruz of the municipality of Moca composed of about 40 acres, describing the same and referring for verification to a private document attached to the answer, marked "Exhibit C."

6. That Miguel Soto Deines sold to his brother, Isidoro Soto Deines, out of the property above-mentioned, a tract of eight acres of land, describing the same, and that this in connection with other properties, was the object of a possessory proceeding instituted by Isidoro Soto Deines, and which appears to be duly inscribed in the Registry of Property of the District of Moca.

It is unnecessary to refer to certain exceptions presented by the defendants to the complaint, which were in due course overruled and thus vanished from the record.

From the documentary evidence offered upon the trial it appears that Julio O. Abril, from whom the plaintiff derived his claim, obtained in the District Court of Aguadilla a judgment on February 18, 1910, against the estate of Juan de Dios

Soto for the sum of $1,036.53, principal, and interest at the rate of 12 per cent, which amount he would not be able to collect from the property of the said estate unless it should appear that the said Juan de Dios Soto had died, leaving property pertaining to the said estate, and that cautionary notice of said suit had been entered in the registry of property of the said district on the 9th and 18th of January, 1911. It further appears from the evidence that the attorney, Arturo Reichard, in the name and on behalf of Francisco Hernández Barreto, on October 18, 1909, instituted a suit in the municipal court of Aguadilla against the estate of Juan de Dios Soto to collect the sum of $345.82, with interest at the rate of 1 per cent per month, amounting to $195, and the costs, and that he obtained a judgment by default against the said estate for the amount claimed, which judgment was registered on November 23, 1909, and that on October 18, 1909, the secretary of the said municipal court issued an order to the marshal that he should attach the property of Juan de Dios Soto, in quantity sufficient to satisfy the amount of the said judgment, which attachment was levied by the said marshal on October 21, 1909, upon a tract of land of seven acres, inscribed on page 102 of volume 9 of Moca, and was entered in the registry of property on November 3, 1909, on said page and volume as property No. 599, letter A; and that said property so attached was sold by the marshal to the highest bidder, Miguel Soto Deines, by virtue of the execution issued on the said judgment which had been rendered in favor of Francisco Hernández Barreto, on January 20, 1910, the deed for the same being inscribed on the same day in the registry of property. It appears also from the same documentary evidence that Juan de Dios Soto, in the years 1901 and 1902, possessed in the ward of Cruz in Moca, a rural property of seven acres of land valued at $120, and a wooden house of the value of $25, and personal property of the value of $86, and a machine for hulling coffee, on all of which there was a tax of $1.16; and that in the fiscal year of 1906 and

1907, Juan de Dios Soto did not appear to have any property assessed for taxes in the municipality of Moca. In the same manner it appears from the evidence that Juan de Dios Soto in February of the year 1899, acquired by deed of conveyance from Miguel Hernández a property of seven acres of land in the town of Moca for the sum of $400 of which amount the vendor acknowledged the receipt of $135, the rest of the purchase money the purchaser remaining obligated to pay to Francisco Hernández Barreto on January 4, 1900.

And it further appeared on the trial that in the month of July, 1905, Juan de Dios Soto, together with his wife, sold to his son, Miguel Soto Deines, a property of 40 acres situated in the *barrio* of Cruz, in the municipal district of Moca, for the sum of $500 which the vendors acknowledged to have received from the purchaser. And it further appeared in the evidence that during the year 1909 Francisco Hernández Barreto was adjudged by the municipal court to pay to the plaintiff, José Saltorio Méndez, the sum of $25, an order having been issued that he should retain that amount from Juan de Dios Soto, and which should be placed to the credit of the said Méndez.

In the same manner it was adjudged that Francisco Hernández and his wife should pay the sum of $14 to Adolfo Babilonia, in the year 1899, retaining in the possession of Juan de Dios Soto a credit which the defendant had pending in favor of said plaintiff; the assignment of the credit established by the judgment in favor of Domingo Rivera was proved by a public document on October 24, 1910.

Isidoro Soto Deines and Miguel Soto Deines appear to have owned the first, a lot of 35 acres of land duly inscribed in the registry; and the second, that in the fiscal year of 1902-3 paid taxes upon a tract of seven acres of land, a wooden house and personal property. The oral testimony does not establish any further facts that need to be taken into consideration in proof of the allegations set out in the complaint.

The first fact proven in the record that should be considered in this suit, as appears from the statement of facts and

the allegations of the complaint, is that there does not appear to be proved in any way any certain date on which there occurred the death of Juan de Dios Soto, against whose estate this suit is brought; neither does it appear that at the date of his death he left any property which would constitute his estate and be divisible among the persons who appeared to be his heirs. Not having proven any of these particulars, it is clear that the action brought to trial is lacking in a sufficient basis since it has not been shown that the property actually possessed by any of the heirs against whom the suit is brought was derived from the estate of Juan de Dios Soto, by which fact alone could the said property be affected by the judgment rendered in favor of the plaintiff, in the District Court of Aguadilla on February 18, 1910. Nor does it appear from the evidence that in the acquisition of these properties, nor in the judicial claim made by Francisco Hernández Barreto, there is found to have existed any fraud or collusion among the parties with the intent to injure the plaintiff in his credit, established by the judgment by diverting said properties from the payment of the same or assigning credits with the same object. Hence, it is evident that the suit brought by the plaintiff could not have been successful.

The allegation was also made by the plaintiff in his complaint that the consideration for the deeds and contracts passed and entered into by the persons constituting the heirs of the said estate is false and has no foundation in the evidence adduced on the trial. But the legal principle set out in section 1244 of the Porto Rican Civil Code, and section 102, subdivision 38, of the Law of Evidence is applicable, wherein it is declared that the consideration of a contract, although it is not expressed therein, is presumed to be lawful and valid until evidence is adduced to the contrary. Such proof is entirely lacking in the case before us.

The nullity of the deed of conveyance delivered by the marshal of the municipal court on January 28, 1910, not having been established by the proof adduced on the trial, nor

the nullity of the proceeding in which said sale was ordered, nor that the possessory proceedings instituted by Isidoro Soto had any element of nullity, the complaint was properly dismissed; and, therefore, the judgment was correctly rendered, declaring the same without effect and adjudging costs against the plaintiff.

Having considered carefully the pleadings set out in the record and the evidence adduced on the trial, both oral and documentary, as well as the arguments of counsel in their briefs, and no fundamental error appearing therefrom, the judgment rendered by the District Court of Aguadilla, on July 1, 1911, should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.